OPINION OF THE COURT
Alan J. Saks, J.
In this medical malpractice action involving, inter alla, claims of negligent otolaryngology, one of the defendants (Dr. Daniello) has objected to both the attorney and physician panelists proposed by the court. The objection to the attorney panelist is that he represents plaintiffs in other malpractice *732 actions in which movant’s counsel represents defendants. The objection to the physician panelist is that he is a "well-known plaintiffs expert”. Plaintiff does not dispute the factual predicate for Dr. Danielle’s opposition to the attorney panelist but does dispute that it militates in favor of the attorney’s disqualification. With respect to the physician, plaintiff contends that this person testifies for both plaintiffs and defendants, citing instances of his defense testimony.
The issues raised by the objections appear not to have been the subject of a prior reported decision. This court hereby decides that neither objection has any legal merit.
The attorney panelist is supposed to have some trial experience in malpractice, although his or her trial experience need not be limited to malpractice. (Judiciary Law § 148-a [2] [b].) To disqualify as panelists attorneys who have found themselves in adversarial roles in other cases with counsel appearing before panels would be to disqualify the most experienced and competent malpractice specialists, especially in light of the fact, well known in legal and judicial circles, that the defense of major malpractice actions tends to be concentrated within a limited number of firms.
With respect to the physician panelist, it is not necessary that the court determine the numerical balance between his appearances as witness for plaintiffs and defendants, so long as there is no evidence that the physician has a policy of testifying only for one of these two classes. It would create an unbearable tension to require that proposed physician panelists not testify as experts at all or, if they do so, that they reject requests to testify for one class of parties lest they create a numerical imbalance. The latter course would not only unduly deprive the panels of competent service but would also deprive litigants of their right to call experts of their choice.
This court is keenly aware of the need to avoid not only the actuality but the appearance of bias as well. An appearance of bias would arise if a proposed panelist had been represented by a lawyer involved in the action, had been treated by a physician involved therein, or more obviously, had had one of the parties or lawyers as a patient or as a client. (Cf., Scott v Brooklyn Hosp., 93 AD2d 577.) Nothing logically equating with any of those situations is remotely present in this matter. The objections are rejected.